Johh J. Walsh, J.
Defendant alleges that he was improperly sentenced as a second felony offender on the basis of People ex rel. Goldman v. Denno (9 N Y 2d 138).
The records as set forth in the answering affidavit reveal that on December 1, 1960, the defendant was arraigned upon a District Attorney’s information charging him with having been previously convicted in the County Court of Hudson County, New Jersey, of the crime of assault with intent to commit robbery; that defendant, represented by counsel, waived any trial of the issues and admitted in open court that he was the same person previously duly convicted as set forth in said District Attorney’s information.
The sole question, therefore, is whether the said New Jersey conviction was proper upon which to predicate multiple offender punishment in New York State.
The New Jersey indictment charged the defendant as follows:
“ That Charles Lee Clark on the eighth day of November 1950 in the City of Jersey City, in the County of Hudson aforesaid and within the jurisdiction of this Court, did commit an assault *335 upon Joseph P. Farrell, with intent to rob the said Joseph P. Farrell, contrary to the provisions of R. S. 2:110-2, against the peace of this State, the Government and dignity of the same
“ Second Count:
‘ ‘ And further Present, That on the date, place and in the jurisdiction set forth in the First Count herein, the said Charles Lee Clark did commit an assault and battery upon the said Joseph P. Farrell, by striking and beating him.”
The New Jersey court records further reveal the following:
“ January 29,1951 Defendant is tried by a jury, and the jury find the defendant Guilty as charged and he is remanded for sentence Feb. 16,1951.
‘ ‘ Feb. 16, 1951 Defendant being placed to the Bar for sentence, he is sentenced to be confined in N. J. State Prison at hard labor for a maximum term of Three (3) years and a minimum term of Two (2) years and thence until costs of prosecution are paid.” (Emphasis supplied.)
Reference to section 2:110-2 of the New Jersey Revised Statute shows the following: “ Any person who shall commit an assault with intent to kill, or to commit burglary, rape, robbery or sodomy, or to carnally abuse a female under the age of sixteen, with or without her consent, shall be guilty of a high misdemeanor, and punished by a fine not exceeding three thousand dollars or by imprisonment at hard labor not exceeding twelve years, or both. ’ ’
There can be no doubt from a reading of the statute of New Jersey that the crime set forth there is one which if committed in the State of New York, would be a felony (Penal Law, § 1941).
Defendant’s argument apparently has reference to the fact that the second count in the indictment charged the common-law crime of assault and battery. Reference to the minutes of the Hudson County Court indicates that the defendant was found guilty as charged in the indictment and, therefore, was obviously found guilty of assault with the intent to commit the crime of robbery.
The offenses of assault with intent to rob and assault and battery are distinct offenses in New Jersey; the first being a high misdemeanor and the second is a simple misdemeanor. (State v. Brennan, 83 N. J. L. 12.)
The court in New Jersey was only required to impose sentence for the crime of assault with intent to rob. (State v. Burns, 4 N. J. Super. 34.)
The case of People ex rel. Goldman v. Denno (9 N Y 2d 138, supra) upon which defendant relies does not apply to the facts *336 in this case. There the provisions of the Federal narcotics statute included several criminal acts some of which would be felonies and others only misdemeanors if committed in the State of New York.
In the New Jersey statute, each of the acts contained therein would constitute a felony if committed in the State of New York. In addition, the New Jersey indictment clearly sets forth an alleged violation by the defendant which would constitute a felony if committed in this State.
The defendant’s application for a writ of error coram nobis is denied without a hearing.